———o———

No. 3507.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF JOSEPH DAVIS.

1. Sanity is presumed, and the burden of proving insanity rests on the party who alleges it.
2. The real test is, whether at the moment of the making of the

will, the testator was of sufficiently sound mind to fully under-stand the nature of the testamentary act, and to appreciate its effects.

Appeal from Civil District Court Division D.

J. H. Ferguson, Appellant.

R. J. Maloney, Opponent, Appellee.

DUFOUR, J.   The widow of the deceased contests his will on the ground that he was of unsound mind, and had been so for years.

Much testimony has been adduced *pro* and *con* to show his con-dition of mind generally; that he was very aged, feeble minded and forgetful at times is shown, that he was not lucid at the time the will was made *is not shown*.   The widow herself recognized his sanity by suing him shortly before his death for separation, and her attorney, *then* and *now* took him, with his attorney to draw money at his bank to pay counsel fees.   These *acts* more eloquently than testimony speak as to those parties, belief in the sanity of the testa-tor.

Sanity is presumed and the burden of proof is on the attacking party.

Partial insanity does not make invalid a will made during a lucid interval, and the record fails to convince us that the testator did not fully understand his act and appreciate its effects.   35 An. 865-32 An. 1056.

Without further review of the testimony, we state as our con-clusion that the will must stand.

Judgment affirmed.